The opinion of the Court was delivered by
Wardlaw, J.
In the case of McLure vs. Vernon, 2 Hill, 435, (which arose before the Act of 1833,) the motion was dismissed because no appeal lay from the decision of a Commissioner of Special Bail; but “to save further litigation,” an exposition of the 4th and 7th sections of the Act of 1788, commonly called the Prison Bounds Act, (5 Stat. 78,) was attempted. Notwithstanding both that exposition and the Amendatory Act of 1833, (6 Stat. 491,) the Prison Bounds Act, and the Insolvent Debtors’ Act of 1759, present still, however, one of the most difficult and confused heads of our Statute law.
The opinion in McLure vs. Vernon, as well as the case of Robinson vs. Carwile, Harp. 34, cited in it, hold, that under the 4th section of the Prison Bounds Act, the Commissioner of Special Bail, in the case of a prisoner confined under mesne process, might judge of the “ causes for disbelieving the prisoner’s oath or affirmation,” 'and if, after suitable delay, such causes should appear to him insufficient, might discharge the prisoner. He could not, however, by refusing to discharge, subject the prisoner to any of the consequences provided by the Act for a false schedule, or do more than leave him in confinement. What the Commissioner should have done when the discharge was opposed for causes which did not impugn the truth of the schedule, was not directly said; nor was it *48 plainly declared whether any of the causes, mentioned in the last 'clause of the 7th section of the Act of 1788, which causes might consist with the truth of the schedule, could be urged as objections to the discharge of a prisoner under mesne process ; or whether as to either those causes, or the causes for disbelieving the oath, a judge who had a jury at his command, might refer the facts to such jury in the case of a prisoner under mesne process. The distinction made in McLure vs. Vernon, between the two classes of prisoners, and the two sections under which their cases are to be tried, leads, perhaps however, to the conclusion which seems to have been adopted in the instructions which were given to the jury in the case now before us, that the 7th section, and the causes for refusing a discharge therein mentioned, relate exclusively to prisoners in execution.
This conclusion is, however, contrary to the legislative construction of the Act of 1788, which is contained in the Act of 1838, and to the express enactment of the latter Act. The purpose of the latter Act seems to have been to provide a jury for a Commissioner of Special Bail, to be used by him in the cases where -the Act of 1788 contemplates the use of a jury, but previous statutory regulations had not directed how the jury should be drawn and summoned. The framer of the Act of 1833 probably conceived that the first clause of the 7th section of the Act of 1788 was intended to provide for the case of “ any prisoner committed on execution aforesaid,” who should not give in a schedule agreeable to his bond; and that in the subsequent clauses of that section, “any prisoner” was to be construed as embracing any one, whether confined under mesne or under final process. Howsoever this may be, the Act of 1833 enacts that, “ whenever a prisoner confined on mesne or final process, applying for the benefit of the Prison Bounds Act, shall be accused ” of any of the matters of objection mentioned in the last clause of the 7th section aforesaid, (one of them being, “having gone without the prison walls,”) *49 it shall be lawful to organize a jury “to try the facts required by the Act aforesaid ” (1788); and from the verdict an appeal is given. Now why should the jury be organized, and the facts concerning one of the matters of accusation, specially mentioned in both Acts, be tried, if notwithstanding that matter the prisoner is entitled to his discharge ?
The case of Arrants vs. Dunlap, Cheves, 27, which was decided in 1839, held that the trial by jury was applicable to the case of a prisoner under mesne process, who had been accused of one of the matters contained in the 7th section aforesaid ; and overruling the distinction made in McLure vs. Vernon, it declared that in all probability the Act of 1838 “ was intended to obviate the difficulty arising out of it, and to do it away.” In the case of Cavan vs Dunlap, Cheves, 246, in 1840, the same distinction was again examined and rejected.
In subsequent cases some of the matters mentioned in the 7th section aforesaid have been discussed, upon applications made by prisoners under mesne process, without a hint that such objections were inapplicable to such prisoners. Gray vs. Schroeder, 2 Strob. 126, is one of those cases where the application was for the benefit of the Prison Bounds Act.
A long list might be made, if we include cases of application for the benefit of the Insolvent Debtors’ Act, and the 7th section of the Act of 1788 extends to all of these applications,whether for the benefit of the Insolvent Debtors’ Act, or of the Prison Bounds Act. See Sherman and De Bruhl vs. Barrett, 1 McMul. 161; Bulwinkle vs. Grube, 5 Rich. 293.
The motion for new trial is granted.
Withers, Whither and Munro, JJ., concurred.
Motion granted.